# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **ARTIS LISBON,** | : | **MOTION TO VACATE** |
| **Movant,** | : | **28 U.S.C. § 2255** |
| | : | |
| **v.** | : | **CRIMINAL INDICTMENT NO.** |
| | : | **1:10-CR-0251-TWT-AJB-10** |
| **UNITED STATES OF AMERICA,** | : | |
| **Respondent.** | : | **CIVIL FILE NO.** |
| | : | **1:15-CV-3535-TWT-AJB** |

## UNITED STATES MAGISTRATE JUDGE'S
## <u>FINAL REPORT AND RECOMMENDATION</u>

Movant, Artis Lisbon, has filed a counseled 28 U.S.C. § 2255 motion to vacate,

set aside, or correct his federal sentence entered in this Court under the above criminal

docket number.  The matter is before the Court on the motion to vacate, as amended,

[Docs. 650, 651], Respondent's response, [Doc. 655], and Movant's reply, [Doc. 661].

For reasons discussed below, Movant's motion to vacate is due to be denied in part and

dismissed in part and a certificate of appealability (COA) is due to be denied.

## I.    <u>Background</u>

In 2009 the Drug Enforcement Administration began investigating a
Mexican drug trafficking organization that moved cocaine and heroin into
Atlanta, distributed it to street-level dealers, and then smuggled the cash
into Mexico.  The investigators used wiretaps, video surveillance, and
other investigative techniques to identify the organization's members,
including Catarino Moreno and [Movant].  The two played different roles
in the organization.[] . . . [Movant] was part of the organization's

distribution chain, paying for cocaine and heroin delivered by his coconspirators and moving the drugs down the line to lower-level distributors.

In 2010 a federal grand jury indicted eleven members of the organization, charging them with different conspiracy, drug, and money laundering offenses.

*United States v. Moreno*, 559 Fed. Appx. 940, 941-42 (11th Cir. Mar. 27, 2014), *cert. denied*, _ U.S. _, 135 S. Ct. 295 (2014) (footnote omitted).  The grand jury indicted Movant on the following charges:

(1) conspiracy to distribute drugs, in violation of 21 U.S.C. §§ 841(b)(1)(A)(i) and 846; (2) possession with intent to distribute at least one kilogram of heroin on or about August 17, 2009, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(i), and 18 U.S.C. § 2; and (3) possession with intent to distribute at least five kilograms of cocaine on or about May 21, 2010, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(i), and 18 U.S.C. § 2.

*Moreno*, 559 Fed. Appx. at 942.  Movant pleaded not guilty and proceeded to trial, represented by Craig A. Gillen.  (Trial Tr., Vol. I, ECF No. 517.)

The jury found Movant guilty on all charges (with the heroin possession being for less than one kilogram).  (Special Verdict, ECF No. 501.)  The Court imposed a 240-month term of imprisonment.  (Corrected J., ECF No. 554.)  Movant appealed and the Eleventh Circuit Court of Appeals affirmed the judgment against him.  *Moreno*, 559 Fed. Appx. at 945.

2

AO 72A
(Rev.8/8
2)

Movant now seeks collateral relief on the grounds that (1) trial counsel provided ineffective assistance in advising Movant not to testify, and (2) Movant is entitled to be re-sentenced because his sentence was based on an invalid prior conviction. (Am. Mot. to Vacate at 1, 19, ECF No. 651.)

## II.    28 U.S.C. § 2255 Standard

Section 2255 of Title 28 allows a district court to vacate, set aside, or correct a federal sentence that was imposed in violation of the Constitution or laws of the United States or was imposed by a court without jurisdiction, exceeds the maximum sentence authorized by law, or is otherwise subject to collateral attack.  28 U.S.C. § 2255. Collateral relief, however, is limited.  "Once [a] defendant's chance to appeal has been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted," *United States v. Frady*, 456 U.S. 152, 164 (1982), and it is the movant's burden to establish his right to collateral relief, *Rivers v. United States,* 777 F.3d 1306, 1316 (11th Cir. 2015), *cert. denied*, _ U.S. _, 136 S. Ct. 267 (2015).

Matters decided on direct appeal cannot be re-litigated under § 2255, and matters that could have been raised on direct appeal, but were not, generally are foreclosed in § 2255 proceedings.  *Hidalgo v. United States*, 138 Fed. Appx. 290, 291, 294 (11th Cir. June 29, 2005) (citing *Lynn v. United States*, 365 F.3d 1225, 1234

3

(11th Cir. 2004), and *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000)). Thus, § 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn*, 365 F.3d at 1232 (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988)) (internal quotation marks omitted). A constitutional claim of ineffective assistance of counsel generally is properly raised on collateral review in order to allow for adequate development and presentation of relevant facts. *Massaro v. United States*, 538 U.S. 500, 505-09 (2003).

"An evidentiary hearing is not required when 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (quoting § 2255). That is the case here, as shown in the discussion below.

## III.   **Discussion**

### A.   **Ground One**

On December 2, 1996, prior to committing the crimes involved in this case, Movant was convicted in DeKalb County, Georgia, for two drug crimes and for carrying a concealed weapon, DeKalb County case number 96CR4178 (hereinafter

4

"1996 conviction" or "1996 drug conviction" when referring to drug crimes). (Presentence Investigation Report ("PSR") at 13, ECF No. 556.)  On July 1, 2001,[1] Movant was convicted in DeKalb County for possession of a firearm by a convicted felon, DeKalb County case number 00CR5279 (Movant received a two-year term of confinement and was paroled on December 26, 2001).  (*Id.* at 14.)

The government gave notice of its intent to use the 1996 conviction at Movant's federal trial, under Fed. R. Evid. 404(b),[2] and Movant moved to exclude that evidence. (*See* Mot. in Limine at 4, ECF No. 355.)  The government argued that the conviction was relevant to Movant's state of mind and intent and that it was not too remote.  (Trial

---

[1]      Movant and Respondent both incorrectly refer to the conviction as a 2000 conviction.  (Am. Mot. to Vacate at 6, 9; Resp't Resp. at 22 nn.10-11, ECF No. 655.) The Court will use the designation "2000*" in discussing Movant's argument on this conviction.

[2]      Both parties agree that the government did not provide written notice of its intent to use the 2000*/2001 felon-in-possession conviction at trial.  (*See* Am. Mot. to Vacate at 9; Resp't Resp. at 22 nn.10-11.)

Under Rule 404(b), evidence of a defendant's prior crime "is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. . . . [but] may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Evidence that may be relevant under Rule 404(b) may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice . . . ."  Fed. R. Evid. 403.

5

Tr. Vol. VI at 713, ECF No. 522.)  Movant argued that it was too remote and that it was too prejudicial.  (*Id*. at 714.)  The Court found that "the probative value outweigh[ed] the prejudicial impact"[3] but that the time between Movant's 1996 arrest and the alleged 2008 beginning of the federal conspiracy was too remote and – based on Movant's age in 1996 and remoteness – granted the motion in limine for purposes of using the conviction as evidence in the government's case.  (Trial Tr. Vol. VI at 715.)

At trial, the Court's questioning of Movant, Mr. Lisbon, on his right to testify included the following:

> THE COURT:  Mr. Lisbon, you understand you have the right to testify in this case?
>
> DEFENDANT LISBON:  Yes.

_____

[3]      In his reply, Movant states that the Court "apparently inverted 'prejudice' and 'probative'" because its finding of "too remote" precludes any other reading. (Mov't Reply at 3-4, ECF No. 661.)  There is nothing inconsistent in finding that, but for remoteness, a conviction is more probative than prejudicial.  This is particularly so when a court is determining whether a prior conviction can be used as evidence showing intent. *See United States v. Fields*, 871 F.2d 188, 198 (1st Cir. 1989) (stating that remoteness weakens the probative value, especially in regard to intent); *see also United States v. Matthews*, 431 F.3d 1296, 1311 (11th Cir. 2005) (recognizing that although the temporal remoteness of a prior conviction is "an important factor to be considered as it depreciates the probity of the extrinsic offense," the court has refrained from adopting a bright-line rule "because decisions as to impermissible remoteness are so fact-specific that a generally applicable litmus test would be of dubious value") (internal quotation marks omitted).  There is no reason to question the District Court's choice of words.

6

THE COURT:  You understand you have the right not to testify?

DEFENDANT LISBON:  Yes.

THE COURT:  You and your attorney have made the decision that you're not going to testify in the case?

DEFENDANT LISBON:  Yes.

THE COURT:  You understand that if you testify you would be subject to cross-examination by the U.S. Attorney's Office?

DEFENDANT LISBON:  Yes.

THE COURT:  You understand they would be able to question you about your prior felony drug conviction?

DEFENDANT LISBON: Yes.

THE COURT: You understand that if anything additionally came out that was incriminating that that might make it more likely that the jury would convict you?

DEFENDANT LISBON: Yes.

THE COURT: Do you understand that if the jury believed you it might make it more likely that they would find you not guilty?

DEFENDANT LISBON:  Yes.

THE COURT:  So you understand there are risks and benefits either to testify or not testify?

DEFENDANT LISBON:  Yes.

AO 72A
(Rev.8/8
2)

THE COURT:  And you have made the decision not to testify?

DEFENDANT LISBON: Yes.

THE COURT:  Has anybody threatened or forced you to give up your right to testify?

DEFENDANT LISBON:  No.

THE COURT:  Has anybody made any promise to you that caused you to give up your right to testify?

DEFENDANT LISBON: No.

THE COURT: Are you giving up your right to testify freely and voluntarily?

DEFENDANT LISBON: Yes.

THE COURT: Mr. Gillen, are you confident that the Defendant has made a knowing and intelligent waiver of his right to testify in the case?

MR. GILLEN: Yes, Your Honor, I am.

(*Id.* at 836-88.)  Movant did not testify.

Movant contends that his waiver of his right to testify was unknowing and unintelligent because counsel provided incorrect advice that his prior felony record – 1996 and 2000* convictions – could be used to impeach him, and counsel should have requested a hearing on the matter before giving that advice.  (Am. Mot. to Vacate at 2, 5, 9, 17-18.)  Movant states that although prior felony convictions are generally

8

admissible for impeachment, the 1996 conviction and 2000* conviction "for being a felon in possession of a firearm for which he served two years in prison" are more than ten years old and fail Rule 609(b)'s admissibility requirements.[4]  (*Id*. at 5-9.)  Movant contends that, if counsel had advised him that his prior convictions were inadmissible, he would have testified and provided testimony critical to rebut Jose Trinidad Ayala-Baez's (Trino's) testimony,[5] upon which the case against Movant "rose or fell." (*Id*. at 2, 14, 16-17.)

The government argues that (1) Movant cannot show counsel's deficiency when the Court "stated directly to [Movant] that the prior [felony drug] conviction could be used" and (2) the 1996 conviction was admissible under Rule 609(b) requirements. (Resp't Resp. at 20-21.)  The government further argues that Movant's attempt to show prejudice fails because the case against Movant did not depend on only Trino and, even if Movant had testified contrary to Trino, there was other significant evidence against

_____

[4]      In presenting his argument on the 2000*/2001 conviction, Movant relies on Fed. R. Evid. 609(b), states that otherwise prior felony convictions are generally admissible for impeachment, and does not address 609(a).  (Am. Mot. to Vacate at 9-10.)

[5]      Movant states, "Because Trino was the linchpin of the Government's case against [Movant], it was critical to impeach him.  And the way to do that would have been to allow [Movant] to take the stand and rebut Trino's testimony."  (Am. Mot. to Vacate at 2.)

9

Movant.   (*Id.* at 28-35.)   In reply, Movant additionally argues that counsel was ineffective for failing to object to the Court's finding that he could be questioned on his 1996 drug conviction if he testified.  (Mov't Reply at 2.)[6]

A criminal defendant has a constitutional right, personal to the defendant, to testify in his own behalf at trial.  *United States v. Teague*, 953 F.2d 1525, 1532 (11th Cir. 1992).  Counsel should advise against giving testimony if counsel believes that it would be unwise, and the "defendant can then make the choice of whether to take the stand with the advice of competent counsel."  *Id*. at 1533.  "Because it is primarily the responsibility of defense counsel to advise the defendant of his right to testify and thereby to ensure that the right is protected, . . . the appropriate vehicle for claims that the defendant's right to testify was violated by defense counsel is a claim of ineffective assistance of counsel . . . ."  *Id*. at 1534.  "Where the defendant claims a violation of his right to testify by defense counsel, the essence of the claim is that the action or inaction of the attorney deprived the defendant of [a knowing and voluntary] ability to choose whether or not to testify in his own behalf."  *Id.*

---

[6]      Otherwise, the reply does not present an issue that changes the recommendation.

A criminal defendant possesses a Sixth Amendment right to "reasonably effective" legal assistance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show constitutionally ineffective assistance of counsel, a petitioner must establish that (1) counsel's representation was deficient and (2) counsel's deficient representation prejudiced him. *Id.* at 690-92. The Court may resolve an ineffective assistance claim based on either of the above prongs. *Pooler v. Sec'y, Fla. Dep't of Corr.*, 702 F.3d 1252, 1269 (11th Cir. 2012).

The court must be "highly deferential" and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Strickland*, 466 U.S. at 689 (internal citation omitted). Whether a strategy might have been reasonable is an objective inquiry; we ask "whether some reasonable lawyer could have acted that way." *Chandler v. United States*, 218 F.3d 1305, 1327 n.41 (11th Cir. 2000). The petitioner must show that "no competent counsel would have taken the action that his counsel did take." *United States v. Freixas*, 332 F.3d 1314, 1319-20 (11th Cir. 2003) (citation and internal quotation marks omitted). Further, "law is no exact science, [and] the rule that an attorney is not liable for an error of judgment on

11

an unsettled proposition of law is universally recognized." *Guyton v. United States*, 447 Fed. Appx. 136, 139 (11th Cir. Nov. 22, 2011) (quoting *Smith v. Singletary*, 170 F.3d 1051, 1054 (11th Cir. 1999)) (internal quotation marks omitted); *Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994) ("We have held many times that '[r]easonably effective representation cannot and does not include a requirement to make arguments based on predictions of how the law may develop.' " (citation omitted)).

 "In *Teague*, we specifically delineated the duties of a trial counsel with respect to a defendant's right to testify. Counsel must advise the defendant (1) of his right to testify or not testify; (2) of the strategic implications of each choice; and (3) that it is ultimately for the defendant himself to decide whether to testify."[7] *McGriff v. Dep't of Corr.*, 338 F.3d 1231, 1237 (11th Cir. 2003). Here, Movant complains regarding counsel's erroneous advice on the strategic implications of his choice – particularly advising Movant (without seeking a hearing or objecting to the Court's finding on the matter) that his prior convictions could be used to impeach him.

---

[7] Movant does not argue that his waiver was invalid because counsel failed to advise him that it was his right to testify or that it was ultimately Movant's choice.

Under Fed. R. Evid. 609(a), evidence of a criminal conviction punishable by more than one year in confinement "must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant . . . ." Fed. R. Evid. 609(a)(1)(B). Under Fed. R. Evid. 609(b), if more than ten years have passed since a defendant's prior conviction or "release from confinement" for that conviction, "then it is admissible only if its probative value substantially outweighs its prejudicial effect, and the proponent gives the adverse party written notice of the intent to admit the conviction so that the adverse party has an opportunity to contest admission." *United States v. Colon*, 480 Fed. Appx. 509, 513 (11th Cir. Apr. 20. 2012) (citing Rule 609(b)); *see also United States v. Young*, 574 Fed. Appx. 896, 898 (11th Cir. Aug. 15, 2014) (stating that convictions over ten years old rarely will be admitted and, if admitted, the scope of cross examination on those convictions is "narrowly circumscribed" (quoting *United States v. Tumblin*, 551 F.2d 1001, 1004 (5th Cir. 1977), and citing *United States v. Pritchard*, 973 F.2d 905, 908 (11th Cir. 1992))).

The Eleventh Circuit Court of Appeals has not decided whether parole from a set term of confinement qualifies as release from confinement under Rule 609(b). *Id.*

13

> Carlos's 1998 conviction carried a ten-year suspended sentence that lasted until 2008.  A suspended sentence is effectively a form of probation, as the felon is not incarcerated unless he commits another crime or violates a court-imposed condition. . . .  At least one circuit has held that a period of probation or parole constitutes "confinement" under Rule 609(b).  *See United States v. Gaines*, 105 Fed. Appx. 682, 695 (6th Cir. [July 7,] 2004), *vacated on other grounds by Gaines v. United States*, 543 U.S. 1114 . . . . (2005).  However, other circuits have reached the opposite result.  *See United States v. Rogers*, 542 F.3d 197, 198 (7th Cir. 2008); *United States v. Daniel*, 957 F.2d 162, 168 (5th Cir. 1992) (*per curiam*). We have apparently not taken a position on this question.

*Colon*, 480 Fed. Appx. at 513; *see Gaines*, 105 Fed. Appx. at 695 ("With respect to the convictions that were more than ten years old, the district judge correctly ruled that they are admissible under Rule 609(b) as long as less than ten years had passed since the witness was released from confinement or the period of his parole or probation had expired.").

Any challenge to the Court's finding that Movant could be questioned on the 1996 drug conviction is foreclosed based on Movant's failure to raise the issue on appeal.  *See* Br. of Appellant Lisbon at xii, *Moreno*, 559 Fed. Appx. 940, 2013 WL 775661; *see also Hidalgo*, 138 Fed. Appx. at 294 (citing *Lynn*, 365 F.3d at 1234)).  Further, Movant does not show that – if counsel had requested a hearing on the admissibility of the 1996 and 2001 convictions or objected to the Court's finding on the 1996 conviction – there is a reasonable probability that the Court would

14

have found both convictions excludable or that counsel would have altered his advice to Movant. *See Gilreath v. Head*, 234 F.3d 547, 552 n.12 (11th Cir. 2000) (stating that if a petitioner complains of counsel's failure to investigate, he must show that "knowledge of the uninvestigated evidence would have altered" counsel's representation (quoting *Gray v. Lucas*, 677 F.2d 1086, 1093 (5th Cir. 1982))).[8] There is no controversy that more than ten years passed from the 1996 conviction, that it would be subject to Rule 609(b) requirements, and that it met Rule 609(b)'s notice requirement. Notably, the District Court was well familiar with the 1996 conviction, (*see* Trial Tr. Vol. VI at 715), when it found that Movant could be questioned on it, implicitly finding that, depending on the matter being impeached, its probative value could substantially outweigh its prejudicial effect.[9] Movant does not show that an

---

[8]       "The determination of whether a defendant has been prejudiced varies of course with each breach alleged. When, as in this case, a defendant alleges that his counsel's failure to investigate prevented his counsel from making an informed tactical choice, he must show that knowledge of the uninvestigated evidence would have altered his counsel's decision." *Gray*, 677 F.2d at 1093.

[9]       Such finding does not contradict the Court's ruling that the 1996 conviction could not be used under Rule 404(b) as evidence of intent. *See Fields*, 871 F.2d at 198 (stating that remoteness weakens the probative value, especially in regard to intent).

15

objection would have resulted in a clear ruling to the contrary, i.e., a ruling that the 1996 conviction would be excluded for impeachment purposes.

As observed by the Supreme Court in *Luce*, the district court in that case had found that an earlier conviction "fell within the category of permissible impeachment evidence" but noted that "the nature and scope of petitioner's trial testimony could affect the court's specific evidentiary rulings . . . . [T]he court was prepared to hold that the prior conviction would be excluded if petitioner limited his testimony to explaining his attempt to flee from the arresting officers.  However, if petitioner took the stand and denied any prior involvement with drugs, he could then be impeached by the 1974 conviction." *Luce v. United States*, 469 U.S. 38, 40 (1984) (involving impeachment evidence under Rule 609(a)).[10]  A ruling permitting impeachment "is subject to change when the case unfolds . . . and the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Id*. at 41-42; *see also United States v. York*, 722 F.2d 715, 716 (11th Cir. 1984) (holding whether to make "an advance ruling on the admissibility of impeachment evidence is addressed to the sound discretion of

---

[10]     *See United States v. Fallon*, 348 F.3d 248, 254 (7th Cir. 2003) ("Although *Luce* dealt with prior convictions admitted under Rule 609(a)(1), we find that it applies with equal force to convictions admitted under Rule 609(b)."); *United States v. Wolfe*, 766 F.2d 1525, 1526 (11th Cir. 1985) (applying *Luce* to Rule 609(b)).

AO 72A
(Rev.8/8
2)

the trial court"). Based on the Court's finding that Movant could be questioned on his 1996 conviction and its discretion to adjust its finding as the case unfolded (had Movant taken the stand), Movant does not show that had counsel objected there is a reasonable probability that the Court would have ruled at that time – before the time for Movant to testify – that the 1996 conviction would be excluded for impeachment purposes.

As to the July 2001 conviction, whether it was admissible under Rule 609(a) or subject to 609(b) requirements depends on the trigger date and whether more or less than ten years passed. Less than ten years passed between the July 1, 2003 end of the imposed two-year term of confinement (on which Movant was paroled in December 2001) and the June 2012 commencement of Movant's trial in federal court. More than ten years passed between Movant's December 26, 2001 parole date and the 2012 commencement of his federal trial. Given the uncertainty as to whether the 2001 conviction would be subject to Fed. R. Evid. 609(b) requirements, the undersigned cannot find that no reasonable counsel in Mr. Gillen's position would have advised Movant that the 2001 conviction could be used against him. *See Colon*, 480 Fed. Appx. at 513; *Guyton*, 447 Fed. Appx. at 139. For the same reason, Movant

17

fails to show that, had counsel requested a hearing, the 2001 conviction would have been excluded under Rule 609(b).

Based on the above, the undersigned cannot find that Movant has shown prejudice, i.e., a reasonable probability, had counsel objected or sought a hearing, that counsel would have altered his advice or that Movant would have taken the stand.

## B.   Re-sentencing

The government filed notice that it was seeking increased punishment under 21 U.S.C. §§ 841(b) and 851[11] based on Movant's 1996 drug conviction. (Information,

---

[11]   "If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment . . . ." 21 U.S.C. § 841(b).  Under 21 U.S.C. § 851(a), the government is required to file before trial or guilty plea an information regarding prior conviction and increased punishment.  Further,

> If the United States attorney files an information under this section, the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

21 U.S.C. § 851(b).

> No person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section

18

ECF No. 243; Information, ECF No. 470.)  At sentencing, under the requirements in § 851(b) (requiring affirmation or denial of prior conviction by defendant), Movant affirmed his 1996 drug conviction.  (Sentencing Tr. at 7-8, ECF No. 580.)  The Court imposed the mandatory minimum of 240 months, based on Movant's prior 1996 conviction.  (*Id.* at 3-4, 7-8, PSR at 13.)

Movant now asserts that he is challenging in state court his 1996 drug conviction and that he will be entitled to a reduction of his federal sentence when that conviction is vacated.  (Am. Mot. to Vacate at 20-21.)  Movant seeks a stay of his re-sentencing claim.  (*Id*. at 21.)  Movant admits that his state petition filed in April 2015 was rejected because it was not notarized and states that his state counsel is in the process of properly filing a state petition.  (*Id*. at 20 n.3).  The government asserts that, even if Movant succeeds in his state challenge, federal re-sentencing is foreclosed under 21 U.S.C. § 851(e).  (Resp't Resp. at 37.)  Movant replies that federal law does not prohibit him from challenging his DeKalb conviction in state court and that another judge in this Court has allowed re-sentencing notwithstanding § 851(e). (Mov't Reply.)

---

which occurred more than five years before the date of the information alleging such prior conviction.

21 U.S.C. § 851(e).

19

This claim must be dismissed because it is not ripe.  "[T]he basis for a claim challenging a sentence predicated on faulty state convictions arises when the order vacating those predicate convictions issues."  *Stewart v. United States*, 646 F.3d 856, 859 (11th Cir. 2011) (citing *Johnson v. United States*, 544 U.S. 295, 305-07 (2005)). A stay is not recommended because the Eleventh Circuit Court of Appeals disfavors a stay and abeyance procedure – which encourages meritless and unripe petitions based on unexhausted claims – and finds the superior approach is for a defendant to raise a state-vacatur claim when it first becomes ripe.  *Id*. at 864-65.

## IV.    Certificate of Appealability (COA)

Under Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  The Court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Melton v. Sec'y, Fla. Dep't of Corr.*, 778 F.3d 1234, 1236 (11th Cir. 2015) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484

20

(2000)) (internal quotation marks omitted), *cert. denied*, _ U.S. _, 136 S. Ct. 324 (2015).

> "When the district court denies a habeas petition on procedural grounds . . . a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Damren v. Florida*, 776 F.3d 816, 820 (11th Cir.  2015) (quoting *Slack*, 529 U.S. at 484).

It is recommended that a COA is unwarranted because it is not debatable that Movant fails to show that he received ineffective assistance of counsel under *Strickland* and that his sentencing claim is premature.  If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

## V.    <u>Conclusion</u>

For the reasons stated above,

**IT IS RECOMMENDED** that Movant's motion, as amended, [Docs. 650, 651], to vacate, set aside, or correct his federal sentence be **DENIED** on Ground One;  that

21

AO 72A
(Rev.8/8
2)

Movant's Ground Two be **DISMISSED WITHOUT PREJUDICE** as premature; and that a COA be **DENIED**.

The Clerk of Court is **DIRECTED** to withdraw the referral of this § 2255 motion to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this _25th_ day of _May_, 2016.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

22